**Judy M. EHLINGER, Plaintiff/Appellant,**

v.

**CITY OF BIXBY, the Oklahoma Employment Security Commission, and the Board of Review of the Oklahoma Employment Security Commission, Defendants/Appellees.**

No. 87556.

Court of Civil Appeals of Oklahoma, Division No. 3.

March 14, 1997.

Patricia E. Neel, Karen Carden Walsh, Tulsa, for Plaintiff/Appellant.

Cara S. Nicklas, Oklahoma City, for Defendants/Appellees.

### MEMORANDUM OPINION

CARL B. JONES, Presiding Judge:

In this unemployment compensation case, Plaintiff/Appellant Ehlinger contends that denial of her claim for compensation should have been set aside because (1) her former employer City of Bixby failed to disclose that she was not terminated for lack of work, (2) the city manager said she was terminated for lack of work, and (3) City made material misrepresentations of fact during the telephone hearing conducted by the Oklahoma Employment Security Commission Appeal Tribunal.

Ehlinger worked as city treasurer and finance director for the City from January 23, 1990 until February 13, 1992. On the latter date she tendered her resignation, effective

April 15, 1992. The city manager responded by memorandum telling her that her resignation would be effective immediately. Ehlinger then applied for unemployment compensation. On her application, in the section "Reason for Separation," Ehlinger checked the box for "Quit."[1] For some reason, when the Commission sent the City notice of Ehlinger's application, the notice indicated that the reason for separation was "lack of work."[2] The City responded to the notice by asking that Ehlinger's request be denied because she "resigned her position."[3] The Commission initially determined that Ehlinger was not entitled to compensation because she left work voluntarily without good cause connected to the work.[4] Ehlinger appealed to the Appeal Tribunal of the Commission, which conducted a hearing and received evidence by telephone, and then issued an opinion affirming denial of compensation.[5] The Appeal Tribunal opinion stated, in relevant part:

> The claimant was employed as City Treasurer from January 23, 1990 to February 13, 1992. She resigned voluntarily.
>
> New City Council members were elected in April, 1991. The claimant asserts these persons wished her terminated due to the claimant's support of a measure the council members opposed. A new City Manager was hired in August, 1991. The claimant asserts that person was instructed to fire her.
>
> The claimant bases this assertion on a statement made by a previous acting City Manager. That person told the claimant he had been told to fire her. The claimant assumed the new [City] Manager would have been told the same thing.
>
> The claimant received two reprimands from the new Manager. The first of these occurred in October, 1991. The claimant was reprimanded for permitting an employee to work overtime without authoriza-

tion. The claimant did do this, but had believed the Manager had given such authorization. The second reprimand occurred in December, 1991 and concerned the claimant's failure to inform the City Manager that she was leaving on a vacation. The claimant had received authorization for the vacation in July from a previous manager, but did fail to tell the current manager of this.

> The claimant contends these reprimands showed the employer's intent to terminate her and caused her excessive stress. The claimant had also provided information to a Grand Jury and to the District Attorney which resulted in certain council members pleading guilty to violations of the Open Meetings Act. The claimant contends this also motivated the employer's actions. The employer denies that an effort was under way to terminate the claimant.
>
> Section 2–404 of [the Act] provides a disqualification if it is found that a claimant left work voluntarily without good cause connected to employment. In determining the existence of good cause, there shall be considered, among other factors, the degree of risk involved to the claimant's health, safety or morals, or changes in the contract of hire that affect working conditions, hours or wages.
>
> The claimant's assertions are based largely on hearsay and innuendo. No information has been presented to support the allegation that the City Manager had been told to fire the claimant. The reprimands received by the claimant were, in fact, correct by the claimant's own testimony.... The claimant has not shown the working conditions were rendered untenable due to any action by the employer. The claimant quit without good cause connected to the work.[6]

Ehlinger appealed next to the Board of Review, which issued a single-page ruling

---

1. The administrative record from the Commission is found at pp. 27–208 of the trial court record. Hereafter, reference to the former will be made by citation to "Admin.Rec.," with a parallel citation to the trial court record, shown here as "Rec."

2. Admin.Rec., p. 161; Rec., p. 192.

3. Admin.Rec., p. 162; Rec., p. 193.

4. Admin.Rec., p. 9; Rec., p. 40.

5. Admin.Rec., pp. 126–27; Rec., pp. 157–58.

6. Admin.Rec., pp. 126–27; Rec., pp. 156–57.

adopting the findings and conclusions of the Appeal Tribunal. Ehlinger did not seek direct judicial review by appeal to the district court, as permitted by 40 O.S.1991 § 2–610.

Even before the Appeal Tribunal conducted its hearing, Ehlinger had commenced an action in federal court against the City and the city manager, later amended to name the three council members. On 'cross-motions for summary adjudication, the federal court held that, because the city manager had changed the effective date of her discharge from that stated in Ehlinger's letter of resignation, which she could have withdrawn, she had been discharged.[7]

On May 26, 1993, almost a year after the Board of Review had affirmed denial of her compensation claim, Ehlinger filed a "Petition for Redetermination," alleging that denial of her claim was due to the City's "misrepresentations, false statements and/or failures to disclose material facts." The Employment Security Act, in 40 O.S.1991 § 2–506, provides that the Commission may reconsider its determination to grant or deny compensation in any case, including one in which a final decision has been rendered by the Appeal Tribunal or Board of Review, if allowance or denial of benefits was based upon a false statement or representation or failure to disclose a material fact.[8] Ehlinger asserted in her petition for redetermination that her original request for compensation "clearly show[ed] that the reason for her separation was a 'discharge',," and not "lack of work," [9] and that the Commission's erroneous characterization of her claim was a "mistake of material fact and/or a failure to disclose," which would permit redetermination under § 2–506. Ehlinger also said that in its response to her claim the City had "affirmed" that she was fired for lack of work, which affirmation was false, and that when the City referred to her resignation it had misstated that "fact," because of the recent federal

court decision. And, Ehlinger asserted that the City's protest of her claim was not timely, and that the City had made several misrepresentations to the Appeal Tribunal during its telephone hearing. The Board of Review denied Ehlinger's request for reconsideration without elaboration.[10]

Ehlinger appealed to the district court, asserting three grounds for reversal: (1) that the Commission did not consider the effect of the City's confession of benefits, filed after she filed her petition for redetermination; (2) that the City's response to her request for benefits was untimely; and (3) that the City had made material misrepresentations and false statements, and failed to disclose material facts which would have established her entitlement to compensation. Ehlinger subsequently withdrew the first two grounds. The trial court affirmed denial of the petition for reconsideration.[11]

■ We have not found, and the parties have not cited, any published decision which deals with an appeal from the grant or denial of a petition for reconsideration filed by a claimant. It seems logical, though, to apply the same standard of review in this case as applies to other appeals from decisions of the Board of Review. By the terms of 40 O.S. 1991 § 2–610(1), this court, on review of a determination of unemployment compensation benefits, must give conclusive effect to the findings of fact made by the Board of Review, and "the jurisdiction of [the reviewing] court shall be confined to questions of law." The factual record on the petition for redetermination consists only of the exhibits attached to the petition. We have reviewed those exhibits, and the transcript of the telephone hearing conducted by the Appeal Tribunal.

■ The erroneous reason for separation shown on the Commission's notice to the

7. *Ehlinger v. City of Bixby,* No. 92–C–300 (N.D.Okla., Order dated April 5, 1993); Admin.Rec., pp. 163–72; Rec., pp. 194–203.

8. Although § 2–506 refers specifically only to § 5–102 of the Act, which makes such false statements by a *claimant* a misdemeanor, we consider here that the Act's proscription of false statements and failures to disclose also criminalizes

such conduct if committed by an employer. 40 O.S.1991 § 5–103.

9. Admin.Rec., p. 157; Rec., p. 188.

10. Admin.Rec., p. 176, Rec., p. 207.

11. Rec., p. 239.

City is not a mistake of material fact or failure to disclose. When the City received that notice, it responded by asking for denial of Ehlinger's application because she had resigned.[12] Clearly, the City did *not* "affirm" that Ehlinger had been fired for lack of work. Nor do we consider the City's claim that Ehlinger had resigned to be a false statement. At the time, the City had received Ehlinger's letter of resignation, and was certainly justified in telling the Commission that she had resigned. It is only by reference to the federal court decision, rendered *over a year later*, that Ehlinger can claim that the City made a "false" statement. Even if this rendered the City's statement "false," which we doubt, we will not impose upon employers in this state a requirement that they anticipate subsequent judicial rulings when they respond to claims for unemployment compensation.

◾ Ehlinger asserted that there were five false representations by the City during the telephone hearing conducted by the Appeal Tribunal. She did not attach any additional evidentiary materials to her petition for reconsideration to show that those statements were false *when made*. She said that the City had falsely represented to the Appeal Tribunal (1) that Ehlinger had an outside auditing firm come to the City and perform her work, which caused the City to incur higher costs for its "audit bill" than should have been charged; (2) that Ehlinger had a friend "slide the . . . bills right on by" so no one else would know she had the auditing firm do her work; (3) that no one in the office knew why she was absent, when she was on vacation and had obtained prior

approval of her vacation leave; (4) that the previous city manager (whom, she says, was fired for refusing to fire her), was not really fired but was only a temporary city manager; and (5) that the subsequent city manager had discussed with Ehlinger the use of "comp time" before she was fired.[13]

We are precluded by statute, 40 O.S.1991 § 2–610(1), from revisiting the evidence. Clearly, though, from our review of the transcript of the telephone hearing, all of these matters were either raised by Ehlinger in her own testimony or, when not, waived as a ground for later assertion that the City had made any "false" representation to the Commission. An evidentiary dispute does not make one side's statements fraudulent simply because the other has failed in her quest for benefits and maintains that she was right all along. We have nothing else before us except the bare transcript of the telephone hearing to show that any statement by someone on behalf of the City was false.

The Board of Review correctly denied Ehlinger's petition for reconsideration. Its decision, affirmed by the trial court, must be affirmed here.

AFFIRMED.

ADAMS, C.J., and GARRETT, J., concur.

---

12. In the body of its response letter, the City stated, "The City must ask that benefits be denied on the grounds that Ms. Ehlinger resigned her position as City Treasurer. The notice we have received states the reason for termination on 2–13–92 as a result of Lack of Work." Admin.Rec., p. 162; Rec., p. 203.

13. Admin.Rec., pp. 158–59; Rec., pp. 189–90.